UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GUY KNUTZEN,

        Plaintiff,

        v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

        Defendant.

Civil No. 05-6173-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

    Plaintiff Guy Knutzen brings this action for judicial review of a final decision from

defendant Commissioner denying plaintiff's application for Supplemental Security Income (SSI)

1  - OPINION AND ORDER

payments. Plaintiff filed an application for SSI initially in March 1995, which was denied without an appeal, and again on March 23, 2001. That application was also denied and plaintiff requested a hearing before an Administrative Law Judge (ALJ). After this and a second supplemental hearing the ALJ issued a ruling concluding that plaintiff was not entitled to SSI benefits. This decision became the Commissioner's final decision upon the Appeals Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff subsequently filed a Complaint seeking this court's judicial review.

## **LEGAL STANDARDS**

To establish an eligibility for benefits, a plaintiff has the burden of proving an "inability to engage in any substantial gainful activity (SGA) by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied. If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the

Commissioner has recognized to be so severe they are presumed to preclude SGA. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

The claimant bears the initial burden of establishing his or her disability. In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner

meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

A claimant may not be considered disabled if drug addiction or alcoholism (DAA) is material to the claimant's disability. 42 U.S.C. § 423(d)(2)(C). If the claimant is found to be disabled and medical evidence of a substance abuse disorder exists, the Commissioner must determine whether the claimant's DAA is a contributing factor material to the finding of disability. 20 C.F.R. §§ 404.1535, 416.935; *see also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001). Evidence of DAA is considered material if the claimant would not be disabled if he or she stopped using alcohol or drugs. 20 C.F.R. §§ 404.1535(b), 416.935(b). The claimant bears the burden of showing that DAA does not materially contribute to his or her disability. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted). The Commissioner's decision must be upheld even if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40. However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720-21.

## SUMMARY OF ALJ'S FINDINGS

At step one of the five-step analysis used by the Commissioner, the ALJ found that plaintiff had not engaged in SGA since his alleged disability onset date. Tr. 30,[1] Finding 1.

At step two, the ALJ found that plaintiff had severe physical impairments including, in part, methamphetamine and alcohol dependence, anti-social personality disorder, and a history of testicular cancer. Tr. 30, Finding 2.

At step three, the ALJ found that plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment. Tr. 30, Finding 3.

At step four, the ALJ found that plaintiff is unable to perform his past relevant work. Tr. 30, Finding 6. The ALJ so found after determining that plaintiff has a RFC independent of

---

[1] Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

5  - OPINION AND ORDER

substance abuse of sedentary and light work, with a third grade reading level and a fourth grade mathematics level, and can understand simple routine tasks with normal breaks and supervision, and has moderate limitations in interacting with peers, the public and supervisors, and in setting realistic goals and making plans independently. Tr. 30, Finding 5.

At step five, based in part upon the testimony of a Vocational Expert (VE), the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy, such as working in such positions as a motel cleaner, egg-washing machine operator, or a sedentary assembler. Tr. 30-31, 715-17; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g).

## FACTS

The relevant background has been presented thoroughly by the parties and in the ALJ's decision, and need be only summarized here. Plaintiff testified at the hearing before the ALJ that he had not used methamphetamine for four years, and had consumed alcohol approximately twice a month. Tr. 17. He has been incarcerated numerous times (often related to illegal drug use), had surgery for testicular cancer in 2001, still experienced difficulties from a broken leg he suffered in 2003, and believed he could not work due to mental health issues. *Id*. More specific medical facts and background will be addressed as necessary in conjunction with the parties' remaining legal arguments.

## QUESTION PRESENTED

Plaintiff contended initially that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits primarily due to alleged errors in the way in which the ALJ addressed medical evidence and plaintiff's DAA. Plaintiff also asserted initially that the ALJ improperly rejected the lay testimony of his aunt, erred in posing

an incomplete hypothetical question to the VE, and failed to meet the Commissioner's burden of proof at step five. Most of these arguments were abandoned in plaintiff's final Reply brief after the Commissioner addressed them in its Response. Instead, plaintiff's Reply brief focuses exclusively upon plaintiff's challenge of the ALJ's rejection of opinions of Dr. Joseph Balsamo, Ph.D. Nevertheless, this court has examined each of plaintiff's initial arguments independently, and concludes that they are without merit. The questions as to the ALJ's evaluations of medical opinions require further discussion.

## DISCUSSION

In concluding that plaintiff is not entitled to SSI benefits, the ALJ rejected some opinions of medical personnel who treated or consulted with plaintiff. Primarily, plaintiff assigns error to the ALJ's analysis of opinions from Dr. Balsamo and Henry Elder, M.D. *See* Pl.'s Memo. at 14-17.

While clear and convincing reasons are required to reject an examining physician's uncontradicted opinion, an ALJ need only provide specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion that is contradicted by another physician. *Andrews*, 53 F.3d at 1041. An ALJ may properly disregard a medical opinion, even the opinion of an examining source, which is based on the self-reporting of a properly discredited claimant. *Tonapetyan*, 242 F.3d at 1149.

The ALJ acknowledged Dr. Balsamo's opinion that plaintiff's condition might improve without substance abuse but that, even with abstinence, plaintiff likely would be unable to perform fundamental levels of work. Tr. 27, 410-13. The ALJ also noted that plaintiff was

7 - OPINION AND ORDER

examined by Dr. Balsamo in July 2002, and that the doctor opined that plaintiff's reported alcohol abuse "was co-morbid with his other disorders, and not a cause." Tr. 24, 617.

The ALJ considered the opinions of Dr. Lahman, Dr. Smolen, Mr. Bardell, and Mr. King in determining that plaintiff had no significant mental impairment that was independent of his long-standing and continuing abuse of drugs and alcohol. Tr. 26. In so concluding, the ALJ relied upon the plaintiff's "persistent lack of candor regarding his use" and repeated diagnoses of substance abuse from various caregivers in 1995, 1997, 1999, 2000, and 2002, and the variability in plaintiff's symptomatology when hospitalized, which gave rise to reasonable findings that a correlation existed between plaintiff's symptoms and his substance abuse. Tr. 24-26. Specifically, the ALJ concluded reasonably that the evidence suggested that when plaintiff "is prevented from using drugs or alcohol, his conditions improve." Tr. 26. The ALJ's conclusion that "there was little basis for asserting the presence of a discreet schizophrenic or schizoaffective disorder" was supported by substantial evidence – specifically, the analysis of the evaluations of a number of identified medical caregivers, a determination of plaintiff's credibility, and an examination of plaintiff's reported medical problems and their correlation to possible substance abuse. Tr. 26.

The ALJ took into account the opinions from Mr. Bardell, Mr. King, and Ms. Kelly that "substance abuse can lead to identical symptoms with psychotic disorders." Tr. 26. Alternative diagnoses of plaintiff's possible schizophrenia were determined properly to be conclusory and lacking any explanation in light of the determination of a pre-existing "rival source of symptoms." Tr. 26.

In particular, the ALJ recognized that Dr. Balsamo provided no explanation for his conclusion that plaintiff would remain impaired, "apart from a conclusion that the claimant's substance abuse was in full remission, when he described his symptoms." Tr. 27. These diagnoses hinged largely upon plaintiff's presentation of subjective allegations, and the ALJ determined properly that plaintiff lacked credibility. Tr. 26-27.

The ALJ noted correctly that plaintiff had adequate grades in school, read fiction, and that examiners "minimized" any underlying cognitive deficits. Tr. 27. Despite this, the ALJ assigned certain intellectual limitations to plaintiff in evaluating his RFC. Tr. 27.

Accordingly, the ALJ properly considered the medical opinions of record and did not err in his evaluation of them. This court concludes that the ALJ set forth adequately specific and legitimate reasons for rejecting the opinions of Dr. Balsamo and other medical personnel who opined that plaintiff might have a significant, independent mental impairment.

Finally, as noted above, the other arguments presented by plaintiff in his Opening Brief pertaining to the ALJ's consideration of lay testimony and the scope of the ALJ's hypothetical question posed to the VE and the Commissioner's step five burden have been examined and are determined to be without merit.

Specifically, the ALJ properly concluded that plaintiff's DAA remained a contributing factor material to evaluating plaintiff's eligibility for disability benefits, relying upon evidence regarding plaintiff's continuing history of alcohol abuse, evidence of plaintiff's abuse of methamphetamine and the likelihood that such abuse could be continuing, and reasonable interpretations of the opinions offered by medical personnel. Tr. 24-26.

The ALJ also gave proper consideration to the testimony of plaintiff's aunt, Karla Marr. Tr. 28. An ALJ need only give germane reasons to reject lay witness testimony. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). The ALJ provided germane reasons for rejecting Marr's testimony, correctly reducing her credibility because she denied that plaintiff could read, testimony that contradicted her own prior statements. Tr. 28.

Finally, as noted above, this court has reviewed the ALJ's analysis of plaintiff's RFC and concludes that the analysis is supported by substantial evidence. Similarly, the hypothetical questions presented to the VE were proper. *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (an ALJ is not bound to accept as true any restrictions presented in a hypothetical question propounded by a claimant's counsel, but may choose to accept these restrictions if they are supported by substantial evidence). The hypothetical questions presented were consistent with the objective medical evidence, and, accordingly, the ALJ's step-five analysis was proper.

## CONCLUSION

Based on the foregoing, the findings of the Commissioner are based upon the correct legal standards and are supported by substantial evidence in the record. The final decision of the Commissioner denying plaintiff Guy Knutzen's applications for SSI benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this   3    day of January, 2007.

　　　　　　　　　　　　　　　　　　　　 /s/ ANCER L. HAGGERTY
　　　　　　　　　　　　　　　　　　　　　 ANCER L. HAGGERTY
　　　　　　　　　　　　　　　　　　　　　 United States District Judge